**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**

**DANIEL JUDE WITEK,**

        **Defendant.**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━

        **DOCKET NO. 13-CR-159S**

## DECISION AND ORDER

Defendant has filed a motion for reconsideration of this Court's prior Amended Order setting conditions of release and to modify his current conditions of release.  Dkt. ##48 and 54.  The government filed a response opposing the relief sought by the defendant.  Dkt. #55.  For the reasons set forth below, defendant's motion is hereby DENIED.

## FINDINGS AND CONCLUSIONS

I have once again reviewed this file and find that there are no new or changed circumstances that have been presented by the defendant to warrant a modification in any way of my September 24, 2014 Amended Order (Dkt. #44) setting conditions of release with respect to the defendant.  The defendant was initially charged in a Criminal Complaint filed on May 23, 2013.  Dkt. #1.  Following his initial appearance before this Court, the defendant was released on bail, subject to the following condition, that he "cannot visit or enter the Bflo [sic] Historical Museum or Bflo [sic] Public Works

Rare [sic] Collect., Bflo [sic] Museum of Science or any Public or Private establishment where rare books are." DKt. #4. Soon thereafter, on June 19, 2013, the defendant appeared before this Court on a bail violation petition. At the time of his appearance on the bail violation, the specific terms of the conditions of his release were discussed, including, his access to the Buffalo Public Library. During that proceeding, the Court directed the defendant to refrain from entering any building or facility that houses rare books, documents and historical paraphernalia. *See* June 19, 2013 Minute Entry.

On July 18, 2013, a Federal Grand Jury empanelled in the Western District of New York returned a one-count Indictment charging the defendant with mail fraud. Dkt. #9. Following his arraignment, the defendant continued to be released on the same conditions imposed by this Court and as modified on June 19, 2013. On January 21, 2014, the defendant once again appeared before this Court and the government sought the revocation of the defendant's bail. During the proceeding, the Court modified the conditions of defendant's release and issued an Amended Order Setting Conditions of Release (Dkt. #20). In its January 21, 2014 Amended Order, the Court directed the defendant as follows, "Do not enter any building public or private that is a museum, art gallery, has book collections, historical documents, works of art, geological artifacts, archeological housing facility, any book stores with w/ [sic] rare books, or any facility w/ [sic] historical materials. Do not enter the Buffalo Public Library." Dkt. #20.

On September 4, 2014, the defendant filed a motion to modify the conditions of his release.  Dkt. #41.  After hearing oral argument, the Court granted in part the defendant's motion in that the Court permitted the defendant to enter branch libraries for purposes of using public access computers.  The Court made the defendant subject to the supervision and authority of the United States Probation Office and allowed the defendant to travel for legitimate business purposes as long as he provides the USPO with a travel itinerary, including names of people with whom he will be meeting before engaging in such travel.  The Court further directed the defendant to refrain from entering libraries that contain rare book collections, historical documents, art galleries, and all other historical venues.  *See* September 19, 2014 Minute Entry and Dkt. #44.

On December 4, 2014, the defendant filed the instant motion seeking further modification of this Court's Amended Order setting his conditions of release.  Dkt. #48.  Thereafter, on February 2, 2015, counsel for the defendant filed a supplemental declaration in further support of his motion for reconsideration.  Dkt. #54.  By his motion, the defendant is specifically seeking to have this Court modify the condition whereby he is precluded from entering museums and asks this Court to permit him entry under certain enumerated limited conditions.  Dkt. #48.  Specifically, the defendant is seeking "access to the common areas of museums where the general public is allowed and where security is obvious and visible. . . . this access would allow essential research to be done – research necessary for much of his economic forays but more importantly, research that is absolutely necessary and vital to his defense. To

3

have this research done by a professional other than Mr. Witek would cost a minimum of fifty to sixty dollars an hour." Dkt. #48, ¶¶8-9.  In further support of this request, the defendant claims that he has some sort of experience and expertise in the area of museum research and is "uniquely qualified to know what to look for and where in terms of researching this extremely important information . . .  [and] only by physically going to such a museum can one avail themselves of access to this information free of charge." Dkt. #48, ¶¶63-64.  The Court notes that the defendant is represented by Criminal Justice Act appointed counsel and consequently, the defendant may request investigative or expert services consistent with the Western District of New York Criminal Justice Act Plan and Title 18, United States Code, Section 3006A(e).

Finally, in further support of the relief sought in the instant motion, the defendant endeavors to call into question the strength of the government's case against him and relies on "the complexity of the defense" and the necessity of the research to be conducted only by the defendant.  The Court is not persuaded to further modify the conditions of the defendant's release by the arguments presented by the defendant. Specifically, the defendant attempts to call into question the competence of the Buffalo History Museum staff and Board, as well as challenge the statements made by Buffalo History Museum Director Cynthia Van Ness.  These are matters for a jury to consider during the trial of this matter.  Moreover, as set forth above, the defendant may avail himself of resources available under the CJA Plan to engage necessary investigative or expert services.

4

For the foregoing reasons, the defendant's motion to further modify the conditions of his release is DENIED.

**SO ORDERED.**

*__H. Kenneth Schroeder, Esq.__*
**H. KENNETH SCHROEDER, Jr.**
**United States Magistrate Judge**

**DATED:**      **February 12, 2015**
             **Buffalo, New York**